IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00123-MR

| | |
|---|---|
| JOSHUA ANTHONY ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU WHITLEY, et al., ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 1], and on Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4]. Also pending is an unsigned "Affidavit for Habeas Corpus" [Doc. 3] that was docketed as an Addendum.

**I.     BACKGROUND**

The pro se Petitioner is a pretrial detainee at the Wilkes County Jail. The Petitioner seeks § 2241 relief in Wilkes County Superior Court Case Nos. 21CRS050377, 21CRS050380; and in Alleghany County Superior Court Case Nos. 20CRS050356, 20CRS050055, and 20CRS05030 on

charges including two counts of murder.[1] He is being held on a $4,000,000 secured bond.

The Petitioner filed the instant § 2241 Petition on August 1, 2023. [Doc. 1]. He claims:

> GROUND ONE: I am accuse of non-capital crime and the charges I have are … joined for trial. For over 2 years I was without bond now my bond is $4 million and I can't afford any bond so I request pretrial release so that I can prepare for trial without the stress of incarceration. N.C.G.S. 15A-533 Right to pretrial release in capital and noncapital cases N.C.G.S. Procedure for determining condition of pretrial release.
>
> GROUND TWO: Regardless of the present status of the case pending against me this pretrial petitions for writ of habeas corpus is my remedy for being wrongfully incarcerated and my incarceration is what I am challenging. The fact are supported by 28 U.S.C. § 2241; § 17-1 (Remedy without delay for restraint of liberty); § 17-2 (Habeas Corpus not to be suspended)
>
> GROUND THREE: My rights as a human being has been ignored and avoid, I am dealing with depression because of the oppressing reality of incarceration without conviction and I believe that every man is innocent until the contrary. (Universal Declaration of Human Rights) & (The Declaration of Independence says people are 'endowed by the Creator with certain unalienable Rights, that among these are life, liberty and the pursuit of happiness) And I am one of those people.
>
> GROUND FOUR: I am deprived of life, liberty and property. I am serving time and being punished for a crime that I did not commit, incarcerated before conviction. I have a Excessive bond that I can't afford, and my motion to a speedy trial was denied by a

---

[1] The Court takes judicial notice of the records in these cases. See Fed. R. Evid. 201. The Alleghany County cases were joined with the Wilkes County cases, and venue was changed to the Wilkes County Superior Court.

> Judge all this happened in Wilkes County. This is a Due process violation of Amendment 14, 3, 8, and 6 of the Constitution of the United States and I have asserted my right consistently in Court.

[Doc. 1 at 6-7] (errors are uncorrected).

The Petitioner claims that the Wilkes County court denied his motion for a speedy trial on November 7, 2022, and that he was also denied a motion for appropriate relief. [Id. at 2]. The Petitioner, who is representing himself in the criminal cases, asks to be "released to [his] freedom until it is time to go to trial…," so that he is being treated the same as his "opposing party…."[2] [Id. at 7].

In the unsigned and undated "Affidavit for Habeas Corpus," the Petitioner reiterates his due process claim that he cannot be "punished" with incarceration while his cases are pending; that he has filed "bond reductions and a motion for appropriate relief," which were denied; and that he is innocent of the charges.[3] [Doc. 3].

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

The Petitioner's Application shows that he has had zero income during the past 12 months and that he expects to receive no income next month.

---

[2] Edward Lawrence Hedrick was appointed to represent Petitioner; he appears to be serving as standby counsel. Fed. R. Evid. 201.

[3] This Court will not direct the Petitioner to provide a signature at this juncture because, even if it were properly filed and considered, it would have no bearing on the Court's resolution of this matter. See Fed. R. Civ. P. 11(a).

[Doc. 4 at 1-2]. The Petitioner reports having no assets or monthly expenses. [Id. at 2-5]. He further explains his inability to pay the costs of these proceedings as follows: "I have been unemployed for almost 3 years due to incarceration leaving me without a way to work and make money." [Id. at 5]. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's Application to proceed in forma pauperis.

## III.  STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254).  Pro se pleadings are construed liberally.  See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).  After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As a preliminary matter, all of the Petitioner's claims are vague, conclusory, and lacking in factual support, and his Petition is subject to dismissal on this basis alone.

In addition, § 2241 relief is precluded by abstention principles. While federal courts have the jurisdiction to grant federal habeas relief in advance of trial, Younger v. Harris, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should exercise jurisdiction conferred on them by statute." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); see also Sprint Commc'ns, Inc. v. Jacobs, 571

U.S. 69, 72–73 (2013) (explaining the circumstances when <u>Younger</u> abstention is appropriate).

The first <u>Younger</u> prong is satisfied in the instant case because the Petitioner has ongoing criminal proceedings in state court. The second prong is satisfied because "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986) (citation omitted). The third prong is satisfied because "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." <u>Gilliam v. Foster</u>, 75 F.3d 881, 904 (4th Cir. 1996) (quoting <u>Kugler v. Helfant</u>, 421 U.S. 117, 124 (1975)).

The Petitioner has failed to demonstrate that any special circumstances exist which would permit this Court to resolve the Petitioner's claims before giving the North Carolina courts to resolve them in the first instance. Accordingly, the Petitioner's § 2241 claims are barred by <u>Younger</u> abstention, and the Petition is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated herein, the Petitioner's Application to proceed in forma pauperis is granted, and the § 2241 Petition is dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] is **GRANTED**.

2. The Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: September 18, 2023

Martin Reidinger
Chief United States District Judge